UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  2:24-cr-00082-01 |
| | * | |
| VERSUS | * | JUDGE CAIN |
| | * | |
| NORVELL HARRIS (01) | * | MAGISTRATE JUDGE WHITEHURST |

**RESPONSE TO MOTION TO INSPECT
AND TEST PHYSICAL EVIDENCE (Doc. 71)**

NOW into Court, comes the United States, through the undersigned Assistant United States Attorney for the Western District of Louisiana, who states in response to the motion to inspect and test physical evidence, the following:

**PROCEDURAL HISTORY**

The defendant was indicted for drug trafficking crimes on April 17, 2024. On May 6, 2024, a conference before the Magistrate Judge was held. Trial was set for December 9, 2024. On May 28, 2024, discovery was turned over to the prior defense. Attached to the discovery was a letter which stated "Finally, with respect to physical or sensitive evidence that can only be reviewed in our office, please contact me and I will schedule a mutually convenient time and date for you to do so."

The defense, Derrick Kee enrolled as defense counsel on July 15, 2024. The defense Roy Wygant enrolled on September 10, 2024. The undersigned verified in a phone call with the defense, that they received the discovery from the prior defense counsel. Supplemental discovery was turned over to the current defense on November

1

19, 2024. A letter was attached which stated in part: "Finally, with respect to physical or sensitive evidence that can only be reviewed in our office, please contact me and I will schedule a mutually convenient time and date for you to do so."

The defense filed a motion to suppress the evidence. A hearing was held before the Magistrate Judge on October 10, 2024. On November 4, 2024, a Report and Recommendation was filed by the Magistrate Judge recommending denying the motion to suppress. The defense filed an appeal of that Report and Recommendation. On December 9, 2024, this Honorable District Judge adopted the Magistrate Judge's Report and Recommendation.

On October 22, 2024, during the pendency of the motion to suppress, the defense filed a motion to continue trial. That motion was granted. At the request of the defense, the trial was continued from December 9, 2024, till May 12, 2024. On April 4, 2025, the defense filed the motion to inspect and test the drug evidence.

### **GOVERNMENT'S RESPONSE TO INSPECTING AND TESTING PHYSICAL EVIDENCE**

The Government has no objection to the defense having a small portion of the drug evidence made available for testing. Obviously the defense expert will have to obtain the evidence from the custodian of evidence at Calcasieu Parish Sheriff's Office. The undersigned will aid in that process.

### **CONCLUSION**

The undersigned does not oppose the defense inspecting and testing the physical evidence. The undersigned would vehemently object to any continuance that the inspection and testing of the physical evidence might cause. The defendant has

2

had since the time of enrolling in this case in 2024 to inspect and test the physical evidence. The undersigned submits that the defense's choice to wait until approximately one month prior to trial to make this request should be at their peril.

                                                    Respectfully submitted,

                                                    ALEXANDER C. VAN HOOK
                                                    Acting United States Attorney

                                                    *s/ John Luke Walker*
                                                    JOHN LUKE WALKER, LA Bar No. 18077
                                                    LAUREN L. GARDNER, La Bar No. 30595
                                                    Assistant United States Attorneys
                                                    800 Lafayette Street, Suite 2200
                                                    Lafayette, LA 70501-6832
                                                    Telephone: 337.262.6618