UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 2:24-cr-00082-01 |
| | * | |
| VERSUS | * | JUDGE CAIN |
| | * | |
| NORVELL HARRIS (01) | * | MAGISTRATE JUDGE WHITEHURST |

RESPONSE TO MOTION IN LIMINE (Doc. 68)

NOW into Court comes the United States, through the undersigned Assistant United States Attorney for the Western District of Louisiana, who states in response to the motion in limine (Rec. Doc. 68), the following:

The defense moved to prevent the introduction of evidence found during the search of the residence located at 4469 Lake Fairway Drive, Lake Charles, Louisiana. That motion was based upon the claim that the defendant did not live at that address and that the federal indictment charges only that he possessed certain drugs and a weapon found at a storage facility.

**INDICTMENT**

The Indictment charges that the defendant possessed with intent to distribute heroin, fentanyl and cocaine. It also charges that he possessed a firearm in and in relation to those offenses. The Indictment does not address where the crimes occurred. It is undisputed that the search of the storage unit and the search of the residence occurred on the same day. That is the date listed in the Indictment.

**Facts Leading to the Search of the Storage Unit and 4469 Lake Fairway Drive**

Law enforcement had information that the defendant resided at 4469 Lake Fairway Drive and had a storage locker nearby. As a result of an investigation, it was determined that the defendant and his girlfriend had access to a storage locker located at 211 Sharon Lane, Lake Charles. Surveillance video was obtained from the storage facility and the defendant was identified as repeatedly entering and then exiting the facility at various times of the day or night. He was observed bringing suitcases and a small bag into the facility on one occasion. A drug canine was brought into the facility, and he alerted for drugs at the defendant's locker. Law enforcement and the manager of the facility could smell the strong odor of marijuana outside the storage unit.

A search warrant was obtained for the storage unit and the residence at 4469 Lake Fairway Drive. The search warrants were executed on the same day.

**Evidence Found in the Storage Locker**

Evidence found in the storage locker included: 1) the suitcases and bag that the defendant could be seen bringing into the facility on the surveillance cameras; 2) a significant amount of marijuana, bags of heroin, fentanyl and cocaine; and 3) a loaded pistol. The United States submits that everything found in the storage locker is intrinsic and admissible in the trial of the defendant.

**Evidence Found at 4469 Lake Fairway Drive**

The defense claims that in the search of the residence, marijuana, MDMA, a small amount of U.S. currency and several boxes of ammunition were found. He also claims that the defendant does not live at that address. Those claims are, at a minimum, misleading.

First, within the residence there is mail that has Norvell Harris's name and the address 4469 Lake Fairway Drive. There are also credit cards, a driver's license, a Department of Health card, a golden nugget 24K Select card and other documents all in the name of Norvell Harris; many having the 4469 Lake Fairway Drive address. All of this material was turned over to the defense in discovery, in 2024. In addition, during a 2022 arrest of the defendant and his girlfriend for possession of promethazine, the defendant's address is listed as 4469 Lake Fairway Drive, Lake Charles.

The claim that a small amount of currency was found is equally misleading. Four thousand three hundred fifty-five dollars were found, of which twenty-six hundred dollars was in one hundred dollar bills. Marijuana and MDMA were also found at the house, along with numerous rounds of ammunition. The ammunition was of a caliber different than that of the weapon found in the storage locker.

**The Defendant's Post Arrest Interview**

The defendant was questioned by law enforcement after the search of the storge unit and the residence at 4469 Lake Fairway Drive. This interview was videotaped and turned over to the defense in 2024. During that interview, the

defendant admitted that all of the drugs and gun in the storage facility were his. This included not only the charged drugs but also the significant amount of marijuana that was found. When questioned about the residence he admitted that the two pounds of marijuana and the pills found in the house belonged to him. He also admitted that the money found in the residence was his, claiming it was about four thousand two hundred dollars.

### The Evidence Found in the Home and Storage Locker are Inextricably Intertwined with the Drugs for which the Defendant was Charged

It is well settled that other acts are intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or the other acts are necessary preliminaries to the crime charged. *United States v. Miranda*, 248 F.3d 434, 440–41 (5th Cir. 2001). The Fifth Circuit has routinely held that evidence of drug transactions that were not a part of the crime charged are admissible as intrinsic evidence if they were part of the background facts surrounding the commission of the crime. *United States v. Wilson,* 578 F.2d 67, 72 (5th Cir.1978).

The defense, in arguing for the exclusion of the evidence found at the residence, submits that the admission of the evidence would implicate FRE 404(b). That is not the case. FRE 404(b) determines the admission of extrinsic evidence. Only if the evidence to be introduced is extrinsic does the Court have to address FRE 404(b). If the Court determines the evidence is intrinsic, the limits of admissibility dictated by 404(b) do not apply. *Miranda* at 440.

In *United States v. Garcia,* 567 F.3d 721, 727–28 (5th Cir. 2009), a defendant was charged with a marijuana distribution conspiracy. Evidence introduced by the government included the fact that the defendant also consumed and distributed cocaine. The defense objected claiming it was extrinsic evidence and should be limited based upon FRE 404(b). In upholding the ruling of the Court and the conviction, the Fifth Circuit found that the admission of the cocaine was intrinsic to the charged offense. In addition, after a FRE 403 analysis, they found that it was admissible. The Court stated: "To be sure, the introduction of cocaine evidence into a marijuana trial carries inherent prejudice, but the question Rule 403 poses is whether the cocaine evidence's *unfair* prejudice *substantially* outweighs its relevance." *Id* at 727. They found it did not.

In the case against the defendant, NORVELL HARRIS, the defendant is charged with possession with intent to distribute heroin, fentanyl and cocaine. The introduction of the evidence of marijuana possession with intent and/or distribution is far less prejudicial than the intrinsic evidence presented *Garcia.* The evidence of the ammunition is also intrinsic to the crimes charged. The defendant is charged with use of a firearm in relation to a drug trafficking crime. Possession of other ammunition at the same time the defendant possessed the weapon that is the subject of the charge, is inextricably intertwined and thus intrinsic. The probative value of that evidence is not substantially outweighed by the prejudicial affect.

WHEREFORE the United States prays that this Honorable Court find that the possession of the marijuana in the storage facility and the residence is inextricably

5

intertwined with the charged offense and thus intrinsic and admissible in the trial of the defendant. The United States further prays that the Court find that the possession of the ammunition found in the residence is inextricably intertwined with the charged offense and thus intrinsic and admissible.

    Respectfully submitted,

    ALEXANDER C. VAN HOOK
    Acting United States Attorney

    *s/ John Luke Walker*
    JOHN LUKE WALKER, LA Bar No. 18077
    LAUREN L. GARDNER, La Bar No. 30595
    Assistant United States Attorneys
    800 Lafayette Street, Suite 2200
    Lafayette, LA 70501-6832
    Telephone: 337.262.6618