**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:24-CR-00082-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NORVELL HARRIS (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## <u>MEMORANDUM ORDER</u>

Before the Court is a "Motion in Limine" (Doc. 68) filed by Defendant Norvell Harris wherein he moves to suppress all evidence found at the home of Swanda Collins located at 4469 Lake Fairway Drive, Lake Charles, Louisiana.

## <u>BACKGROUND</u>

Defendant, Harris was indicted on three counts of possession with intent to distribute heroin, fentanyl, and cocaine, and one count of possession of a firearm in furtherance of a drug trafficking crime.[1] The evidence shows that the Calcasieu Parish Sheriff's Office ("CPSO") was informed by a Confidential Informant ("CI") that Harris lived with his girlfriend, Swanda Collins at 4469 Lake Fairway Drive in Lake Charles, and that Harris possessed and stored a large amount of marijuana at a storage unit (unit AA15) near the couple's home.[2]

The CPSO obtained a search warrant pertaining to any unit rented to Collins and Harris.[3]  The owner of the storage unit provided information that Collins had rented unit

---

[1] Doc. 16.
[2] Doc. 53, pp. 24-28.
[3] Doc. 47-6.

AA15 and Harris was identified as a contact.[4] Pursuant to search warrants,[5] detectives reviewed video surveillance at the facility which showed Harris repeatedly accessing the facility.[6] Pursuant to another search warrant, detectives placed a tracking device on Harris's vehicle, which revealed him accessing the facility.[7]

Sometime thereafter, Detective surveilled Harris visiting the storage unit and called in a drug canine dog.[8] The canine responded positively to an odor, which prompted a search warrant for unit AA15. Officers conducted a search of unit AA15 and discovered marijuana, heroin, fentanyl and cocaine, and a pistol. The pistol was discovered in a backpack, which also contained a large amount of methamphetamine pills. After discovering these drugs, the Officer obtained another search warrant for 4469 Lake Fairway Drive, Lake Charles, Louisiana.  There officers discovered two pounds of marijuana, several doses of MDMA, THC edibles, US currency, and several boxes of ammunition.

Harris has not been charged with possession of the marijuana, MDMA, THC edibles and the ammunition found at the house and the ammunition found at the house did not match the pistol found in the storage unit. Harris has been charged with possession to distribute heroin [21 U.S.C. § § 841(a)(1) & (b)(1)(B)], fentanyl [21 U.S.C. § § 841(a)(1) & (b)(1)(A)], and cocaine [21 U.S.C. § § 841(a)(1) & (b)(1)(B)], and possession of a firearm in furtherance of a drug trafficking crime [18 U.S.C. § 924(c)].

---

[4] Doc. 53, p. 36-38, Doc. 47-7.
[5] Doc. 47-8 and 47-9.
[6] Doc. 53, pp. 38-44; Doc. 47-3, p.4.
[7] Doc. 53, pp. 42-44.
[8] Doc. 47-3, p. 4.

## LAW AND ANALYSIS

Defendant argues that evidence of the drugs and firearms found at 4469 Lake Fairway Drive is not admissible at the trial of this matter because he has not been charged with possession of these items.  Additionally, he notes that the ammunition found at the home is not compatible with the pistol found in storage unit, AA15. Defendant asserts that any evidence of crimes not charged would result in confusion, prejudice and wasted time, citing Federal Rule of Evidence 403; *Guillory v. United States*, 2011 WL 2912708 (E.D. Tex. Mar. 15, 2011). Defendant also suggests that evidence of the drugs and firearms found at 4469 Lake Fairway Drive is inadmissible character evidence that criminalizes relationships with uncharged individuals.  Federal Rule of Evidence 404. Defendant makes these arguments based on his assertion that he did not live at 4469 Lake Fairway Drive.

The Government asserts that Defendant's claim that he did not live at 4469 Lake Fairway Drive is misleading and informs the Court that within this residence was mail addressed to Norvell Harris at 4469 Lake Fairway Drive, credit cards, a driver's license, a Department of Health card, a Golden Nugget 24K Select card, and other documents all in the name of Norvell Harris, and with many containing the 4469 Lake Fairway Drive Address.

The Government reminds the Court that a search warrant was issued for 4469 Lake Fairway Drive, and the officers found two pounds of marijuana, several doses of suspected MDMA, THC edibles,  $4,356.00 of US currency (twenty six hundred dollars were in one

hundred dollar bills) and several boxes of ammunition. Additionally, in 2022, when Harris and his girlfriend were arrested, Harris's address is listed as 4469 Lake Fairway Drive.

The Government also informs the Court that in his interview with law enforcement, after arrest, Harris admitted that the marijuana and pills found in the house belonged to him, as well as the U.S. currency.

The Government argues that the evidence found in the home and the storage locker are inextricably intertwined with the drugs for which Harris is being charged. It is well settled that other acts are intrinsic when the evidence of the other acts and the evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or the other acts are necessary preliminaries to the crime charged. *United States v. Miranda*, 248 F.3d 434, 440–41 (5th Cir. 2001). The Fifth Circuit has routinely held that evidence of drug transactions that were not a part of the crime charged are admissible as intrinsic evidence if they were part of the background facts surrounding the commission of the crime. *United States v. Wilson,* 578 F.2d 67, 72 (5th Cir.1978).

The defense argues for the exclusion of the evidence found at the residence, and that the admission of the evidence would implicate Federal Rule of Evidence 404(b). The Government argues otherwise. The government contends that 404(b) is implicated only if the evidence to be introduced is extrinsic. However, if the Court determines the evidence is intrinsic, the limits of admissibility dictated by 404(b) do not apply. *Miranda* at 440.

The Government then argues that the evidence found in the house, including the firearm, is inextricably intertwined because Harris is charged with possession with intent to distribute heroin, fentanyl, and cocaine. The Government acknowledges the admission

of the evidence found at the house is inherently prejudicial, but the probative value of that evidence is not substantially outweighed by the prejudicial effect. See *United States v. Garcia,* 567 F.3d 721, 727–28 (5th Cir. 2009. In *Garcia,* Defendant was charged with marijuana distribution conspiracy. The court allowed evidence to be introduced that defendant also consumed and distributed cocaine. The Fifth Circuit upheld the lower court and the conviction finding that the cocaine was intrinsic to the charged offense. In addition, after a Federal Rule of Evidence 403 analysis, the Court found that it was admissible. The court stated: "To be sure, the introduction of cocaine evidence into a marijuana trial carries inherent prejudice, but the question Rule 403 poses is whether the cocaine evidence's *unfair* prejudice *substantially* outweighs its relevance." *Id.* at 727. The court ruled that the evidence's probative value was not substantially outweighed by the prejudicial effect.

The Court finds that the evidence of the drugs, money, and ammunition found at the home are intrinsic to the crimes charged, in that they are inextricably intertwined, or both acts are part of a single criminal episode, and are necessary preliminaries to the crimes charged. *Miranda*, 248 F.3d at 440–41. The Court further finds that considering a Rule 403 analysis, the introduction of this evidence has probative value that is not substantially outweighed by the prejudicial effect.

## **CONCLUSION**

For the reasons explained herein,

**IT IS ORDERED**  that the Motion in Limine (Doc. 68) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 21st day of April, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**