UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:24-CR-00082-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NORVELL HARRIS (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is Defendant's *Motion to Reveal the Identity and Criminal History of Informant, Disclose Any Deals, Promises, or Inducements, and to Provide a Copy of Any and All Video and Audio Recordings of Transactions between Defendant and Informant* (Doc. 69). The Government opposed the motion (Doc. 80), and Defendant replied (Doc. 82). Considering the evidence, the law, and the parties' arguments, the Court denies Defendant's motion.

## Facts and Procedural History

Following complaint, Defendant was indicted on April 17, 2024, with three counts of possession with intent to distribute heroin, fentanyl, and cocaine and one count of possession of a firearm in furtherance of a drug trafficking crime. (Doc. 5). He appeared and was arraigned on May 6, 2024. (Doc. 16). The Court denied his motion to suppress evidence seized from a U-Haul storage facility rented by his girlfriend, Swanda Collins. (Doc. 56; 65). He now moves to reveal the identity of the confidential informant, referred to as CI 813, upon which detectives relied to obtain search warrants for the storage unit. (Applications for Search Warrants at Doc. 47-3 and 47-8).

According to Detective Schlesinger's search warrant application, CI 813 had previously completed numerous controlled purchases for the Combined Anti-Drug Task Force and provided information resulting in the seizure of substantial narcotics. (Doc. 47-8, p. 2). CI 813 told investigators that Harris was known to acquire large amounts of marijuana which he stored in a storage unit, that CI 813 had personally seen Harris in possession of a large amount of marijuana, cocaine, fentanyl pills, and promethazine, and that CI 813 believed the storage facility was close to Harris and Collins's residence at 4469 Lake Fairway Drive. (Id. at p. 2-3). Based on this information, as well as their own knowledge that Harris and Collins had previously been charged with possession of eight ounces of promethazine and that Harris had a drug-related criminal history, detectives began investigating. They researched storage facilities near Defendant's residence and, pursuant to a court order, they learned that Collins rented a unit at 211 Sharon Lane and identified Harris as an authorized user. They obtained another warrant for any recordings at the facility (Doc. 47-8), in which they observed Harris arrive at the facility in the vehicles identified by the informant and access the storage facility (Doc. 47-3).

On September 26, 2023, with consent of the facility owner, investigators conducted a canine sniff of the access hallway at the storage facility. The canine alerted at the door of unit AA15, rented to Collins. The investigators also noted a strong smell of marijuana near the unit. (Doc. 47-3; Transcript of Det. Schlesinger's testimony regarding the investigation at Doc. 58, p. 24-79).

Defendant seeks to compel disclosure of CI813's identity, arguing the informant was an active participant in the underlying activity for which Defendant is being prosecuted and would be helpful for his defense.

## Law and Analysis

The Government has a privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623 (1957). Whether to permit disclosure of an informant's identity "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *United States v. Ortega*, 854 F.3d 818, 824 (5th Cir. 2017), quoting *Id.* at 62, 77 S.Ct. 623.

The district court has discretion to grant or deny disclosure of an informant's identity. *United States v. De Los Santos,* 810 F.2d 1326, 1332 (5th Cir.1987). The courts rely on a three-factor test to determine whether the identity of an informant should be revealed: (1) the level of the informant's activity; (2) the helpfulness of the disclosure to the asserted defense; and (3) the Government's interest in nondisclosure. *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007), citing *Id.* at 1331.

1. <u>Level of Informant's Activity.</u>

Defendant argues that CI 813 was significantly involved in the activity leading to the search of the storage unit, justifying disclosure under the first factor. The Government contends that CI 813 was a mere tipster who was not actually involved in the investigation. The Court agrees. The search warrant applications and Det. Schlesinger's testimony show that, based on information from CI 813, investigators took the necessary steps to verify the

3

information and eventually uncover the drugs in the storage unit. Pursuant to warrants, detectives researched possible facilities, confirmed that Defendant was an authorized user for a unit at a facility nearby his and Collins's residence, observed Defendant access the facility, conducted a positive canine sniff outside the unit rented to Collins, and ultimately obtained a search warrant for the unit. The Court finds that CI 813 did not actively participate in the investigation beyond providing a tip. "The Fifth Circuit has repeatedly held that the amount of participation by a mere tipster does not compel disclosure." *United States v. Sanchez*, 988 F.2d 1384, 1391–92 (5th Cir. 1993), citing cases; *Ibarra*, 493 F.3d at 532.

Defendant relies on two non-precedential cases, *Devose v. Norris*, 53 F.3d 201, 205 (8th Cir. 1995) and *Gaines v. Hess*, 662 F.2d 1364, 1368 (10th Cir. 1981), for the proposition that CI 813 was an active participant, arguing the informant was an eyewitness to the act or transaction serving as the basis for prosecution. In both *Devose* and *Gaines*, the informant participated in a controlled purchase with the defendant and was thus an actual eyewitness to the crime. Here, Defendant is charged with possession with intent to distribute based on evidence and facts detectives uncovered in the storage unit. CI 813 did not engage in a controlled buy, and any transaction between Defendant and CI 813 is not the basis of the Government's prosecution. See *Ortega*, 854 F.3d at 824 (Although the informants' information helped law enforcement secure the search warrant, neither informant was a witness to or active participant in the charged offenses (*i.e.*, possession of the drugs and firearms discovered during the search). As in *Ortego*, the first factor does not warrant disclosure.

4

2. <u>Helpfulness of Disclosure to the Asserted Defense.</u>

Defendant contends that disclosure would be helpful for his defense, "which will be disclosed in an *in camera* meeting with the judge." (Rec. Doc. 69, p. 4). He does not provide any details on his asserted defense and thus fails to show how disclosure of CI 813's identity could be helpful. As discussed above, because the informant did not actively participate in the investigation or serve as an eyewitness, the Court finds that disclosure of CI 813's identity would not be helpful to Defendant's defense. See *id*. at 825.

Relatedly, Defendant argues that he has a Sixth Amendment right to confront his accusers. A defendant's right to confront witnesses is a trial right to physically face and cross-examine witnesses who testify against him. *Sanchez*, 988 F.2d at 1392 (5th Cir. 1993). The Government stipulates that it will not call CI 813 as a witness at trial. (Rec. Doc. 80, p. 5). Thus, neither the second factor nor the Sixth Amendment justify disclosure.

3. <u>The Government's Interest in Nondisclosure.</u>

Where the defendant has failed to support disclosure under the first two factors, the court need not consider the third factor. *United States v. Davis*, 443 F. App'x 9, 14 (5th Cir. 2011), citing *United States v. Cooper*, 949 F.2d 737, 749 (5th Cir. 1991) (abrogated on other grounds). Regardless, the Court notes that the Government's interest in non-disclosure is at the heart of the Government's informer's privilege. *De Los Santos*, 810 F.2d at 1331, citing *Roviaro,* 353 U.S. at 59, 77 S.Ct. at 627 ("[T]he purpose of this privilege is to promote effective law enforcement; citizens are encouraged by their guaranteed anonymity to communicate information concerning the commission of crimes to law enforcement officials.").

Because Defendant failed to satisfy the foregoing factors, Defendant's Motion to Reveal the Identity of Informant, etc. (Doc. 69) is DENIED.

THUS DONE AND SIGNED in Chambers on this 21st day of April, 2025.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE